UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MUHAMMAD RASHAD, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 4:23-cv-00029-TWP-KMB |
| USF HOLLAND LLC US, DOT#75806, ANDREW COOK Director of Linehaul, BRYCE MITCHEM Louisville, Terminal Manager, SCOTT ROGERS Industrial Relations Manager, | ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS COOK'S MOTION TO DISMISS AND MITCHEM'S MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on a Motion to Dismiss filed by *pro se* Defendant Andrew Cook ("Cook") (Dkt. 30), and Motions to Dismiss (Dkt. 36 at 5-6) and for Judgment on the Pleadings (Dkt. 45), filed by Defendant Bryce Mitchem ("Mitchem"). On March 30, 2023, *pro se* Plaintiff Muhammad Rashad ("Rashad") filed an Amended Complaint, bringing claims for discrimination, failure to hire, failure to accommodate, and wrongful termination under the Americans with Disabilities Act ("ADA") against Cook, Mitchem, USF Holland LLC ("USF Holland"), and Scott Rogers ("Rogers")[1], (Dkt. 7). For the reasons explained below, the Motions to Dismiss are **granted** and the Motion for Judgment on the Pleadings is **denied** as moot.

I. **BACKGROUND**

For the purposes of motions to dismiss and judgment on the pleadings, the Court accepts as true all well-pleaded factual allegations contained in the Amended Complaint and draws all

---

[1] This case is currently stayed as to Defendant USF Holland pursuant to 11 U.S.C. § 362 of the Bankruptcy Code with all deadlines and hearing settings vacated, and all pending motions in this matter terminated without prejudice (*see* Dkt. 21). Summonses have been issued twice to Defendant Rogers (Dkt. 14; Dkt. 27; *see* Dkt. 27-2), but to date no return of service has been filed.

references in the light most favorable to Rashad as the non-moving party. Rashad, a 58-year-old male, was "a former applicant" for a Professional Commercial Driver's License ("CDL") Class A Driver position for USF Holland in 2021 (Dkt. 7 at 2, ¶ 6). At the time of his complaint, Rashad suffered from a cancer diagnosis but he was "fully capable of driving and possess[ing] a valid CDL." *Id.*, ¶ 7. His condition impacted his ability to perform major life activities, but he was still "able to cope with proper medication, regular doctor visits and accommodations from his employer." *Id.*, ¶ 8. In his response to Cook's Motion to Dismiss, Rashad states that his condition caused pain, swelling, and discomfort in his lower right leg and foot so he submitted a request for accommodation "for additional leg room in the forklift or any equipment . . . due to his physical disability — i.e., cancer/lymphedema" (Dkt. 33 at 1–2). He also contends that Defendants harassed and told him that he was "unable to perform his duties." *Id.* at 2.

After he completed orientation and was dispatched on his first assignment, "Defendants['] subordinate refused to accommodate [him]" (Dkt. 7 at 2, ¶ 10). Central Dispatch informed Rashad that he "was being removed off the board until [he] [received] a doctor's note excuse [sic] to be fit for duty". *Id.*, ¶ 11. Instead of accommodating Rashad, Defendants "refused to hire [him] and wrongfully terminated [his] employment after learning of [his] disability." *Id.*, ¶ 9.

On May 10, 2021, Rashad submitted a charge of discrimination to the Indiana Civil Rights Commission ("ICRC") (Dkt. 40-1 at 4) and followed up with a second charge to the Equal Employment Opportunity Commission ("EEOC") on or about July 12, 2021, in which he wrote:

> I was hired as a Driver with USF Holland-Louisville on or around March 15, 2021.
>
> I was subjected to discrimination due to my disability and denied a reasonable accommodation. On April, 5, 2021[,] I was dispatched to Indianapolis to pick up a load. I walked in on crutches and Mgr. Harold Last Name Unavailable instructed me to call Central Dispatch. Dispatch Mgr. Chris Last Name Unavailable left me a voice message to inform me that I was being removed until I provide a doctor[']s

> excuse showing I was Fit for Duty. On April 8, 2021[,] I requested a reasonable accommodation. On April 19, 2021[,] the Company denied my request.
>
> On April 20, Central Dispatch Chris Last Name Unavailable discharged my employment due to my disability.
>
> I believe I was discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

*Id.* at 8. The EEOC issued a right-to-sue letter on April 20, 2022. *Id.* at 13.

Rashad filed his original complaint on February 2, 2023 (Dkt. 1) and his Amended Complaint on March 30, 2023.[2] He alleges that the "Defendants['] action in refusing to mai[n]tain employment for [him] constitutes [d]isability discrimination, failure to accommodate and wrongful[] termination under the Civil Rights Act of 1964 and the Americans with Disability ACT (ADA) 42 U.S.C. 12101 et seq." (Dkt. 7 at 3, ¶ 13.) Read liberally, Rashad's Amended Complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the ADA, of which only the ADA claims are now before the Court.[3] Specifically, Rashad alleges that, as a disabled individual who suffers from a cancer diagnosis, the Defendants: (1) failed to hire him; (2) failed to accommodate him; and (3) wrongfully terminated his employment.

Cook filed a *pro se* Motion to Dismiss on February 15, 2024, asserting amongst other things: (1) he is not subject to personal jurisdiction; (2) he was not properly served with the complaint; (3) Rashad failed to state a claim upon which relief can be granted; and (4) Rashad failed to file his claim before the EEOC and obtain a right to sue letter (Dkt. 30 at 2). Cook also states he has never lived or conducted business in Southern Indiana, has never met Rashad, and

---

[2] The Court screened and found Rashad's original complaint to be subject to dismissal for lack of jurisdiction. Rashad was granted leave to file his Amended Complaint, which is the operative complaint.

[3] In context, the Court understands Rashad's invocation of the "Civil Rights Act of 1964" as an attempt to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, which prohibits discrimination by covered employers on the basis of race. However, in its Screening Order, the Court found that no factual allegations supported a race discrimination claim and dismissed the claim (Dkt. 8 at 3).

does not recall hiring, working with, or terminating Rashad. *Id.* The Court *sua sponte* extended the time for Rashad to respond to the motion to dismiss (Dkt. 32), and he filed a Response in Opposition on March 20, 2024 (Dkt. 33).[4] Cook replied on April 16, 2024 (Dkt. 35).

Mitchem, by counsel, filed a combined Answer to Complaint, Affirmative Defenses, and Motion to Dismiss on May 31, 2024, asserting claims similar to Cook's (Dkt. 36),[5] to which Rashad responded (Dkt. 40). On July 18, 2024, Mitchem also filed a Motion for Judgment on the pleadings (Dkt. 45). The deadline for Rashad to respond has not yet expired, but for reasons addressed in this Entry, no response is necessary.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

A defendant may move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court of the United States explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* The allegations must "give the defendant

---

[4] Rashad further argues in his responses to the motions to dismiss that he brings retaliation and discrimination claims under the Indiana Civil Rights Act ("ICRA") and Kentucky Civil Rights Act ("KCRA"). Despite Rashad's insistence, the Amended Complaint makes no mention of the ICRA or the KCRA.

[5] Mitchem's Motion to Dismiss, embedded in his Answer, violates Local Rule 7.1(a), which states that motions must be filed separately. However, this violation is immaterial to the outcome.

fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

In the context of *pro se* litigation, the Supreme Court reiterates that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

**B.      Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that One

5

Solution is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III.    DISCUSSION

**A.    Scope of Review**

Before turning to the parties' arguments, the Court will clarify the scope of review in light of the numerous documents Rashad attached, not to his Amended Complaint, but to his responses to Cook's and Mitchem's motions (*see* Dkt. 33-1, Dkt. 40-1). In his response to Cook's motion (Dkt. 33), Rashad attached seven documents for consideration:

- a letter dated April 6, 2021, that Rashad appears to have received from Human Resources regarding his accommodations request (Dkt. 33-1 at 1);
- a copy of e-mail correspondence dated April 8, 2021, in which Rashad reports that he was "singled out by staff regarding [his] disability" and requests "immediate action to be placed back on the duty status", *id.* at 2–3;
- an accommodation request form dated March 29, 2021, *id.* at 4–5;
- an authorization for medical release form, *id.* at 6;
- an accommodations questionnaire, *id.* at 7–9;
- a typed letter appearing to be written by Rashad's medical provider, *id.* at 10–12; and,
- a "Probationary Termination" letter dated April 20, 2021, *id.* at 13–14.

6

To his response to Mitchem's motion to dismiss (Dkt. 40), Rashad attached several additional documents:

- his charge of discrimination filed with the Indiana Civil Rights Commission (Dkt. 40-1 at 4–5);
- a request for review Rashad appears to have sent to the EEOC in response to the ICRC's notice of findings, *id.* at 6;
- two copies of the charge of discrimination Rashad later filed with the EEOC, *id.* at 1–3, 8;
- a letter sent by email indicating the EEOC was closing the second charge of discrimination filed with it as duplicative, *id.* at 7;
- Rashad's answers to an EEOC inquiry information form, *id.* at 9–12; and,
- a copy of an EEOC right-to-sue letter issued on April 20, 2022, *id.* at 13–15.

At its core, a Rule 12(b)(6) motion to dismiss probes whether the complaint plausibly suggests that the plaintiff has a right to relief and raises that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *See Wilson v. Price*, 624 F.3d 389, 391–92 (7th Cir. 2010). The parties do not need to go to the trouble and expense of proving or disproving charges that, even if true, would not entitle the plaintiff to any relief. For these reasons, considering matters outside the pleadings would convert a motion to dismiss to one for summary judgment under Federal Rule of Civil Procedure 56. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) ("A motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers.") (emphasis omitted).

Certain exceptions exist that allow the court to consider documents attached to a plaintiff's response without converting the motion to summary judgment. While a party cannot submit documents at the motion to dismiss stage that would "require[] discovery to authenticate or disambiguate", the court can look beyond a complaint's four corners to consider "concededly authentic document[s] central to the plaintiff's claim." *Tierney v. Vahle*, 304 F.3d 734, 738–39 (7th

7

Cir. 2002). The Seventh Circuit has found this rule applies to a limited class of attachments to Rule 12(b)(6) motions, including documents referenced in the complaint, documents critical to the complaint, and information subject to judicial notice (such as public records). *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Accordingly, "this rule logically extends to documents attached to a plaintiff's response." *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010); *cf. Krok v. Burns & Wilcox, Ltd.*, No. 98 C 5902, 1999 WL 262125, at *6 (N.D. Ill. Apr. 16, 1999) (refusing to consider attachments to a plaintiff's response to a motion because they were not central to his claim).

Although Rashad offers numerous documents for consideration, the Court considers only his ICRC and EEOC charges of discrimination and the EEOC right-to-sue letter, which he attached to his response to Mitchem's motion to dismiss (*see* Dkt. 40-1 at 4–5, 8, 13–15); *see also Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x. 534, 535 (7th Cir. 2005) (finding that the district court properly considered "numerous" party-submitted "public records" from the "administrative process" in resolving motion to dismiss); *cf. Booden v. Brookfield Properties*, No. 21 C 1372, 2021 WL 5232719, at *3 (N.D. Ill. Nov. 10, 2021) (taking judicial notice of EEOC charge and relevant contents therein attached to motion to dismiss). The other documents Rashad attaches, though they may prove helpful to a decision on the merits, are nevertheless improper to consider.

As for Mitchem's Motion for Judgment on the Pleadings, he attaches Rashad's Notice of Right to Sue letter from the EEOC dated April 20, 2022, as Exhibit "A" to his Brief in support of his motion (Dkt. 46-1).

**B.      Failure to Initiate Lawsuit within 90-day Time Limit**

In their motions to dismiss, Defendants Cook and Mitchem initially assert that Rashad's claims fail because he did not exhaust his administrative remedies (*see* Dkt. 30 at 1; Dkt. 36 at 6).

In response, Rashad presents evidence of filing charges of discrimination with both the ICRC and EEOC, along with the EEOC's letter of notice of right to sue issued on April 20, 2022 (Dkt. 40-1). Mitchem argues in his reply brief that Rashad's suit, initiated when he filed his original complaint on February 27, 2023 (Dkt. 1), is untimely and contends that the 90-day period for bringing an action in this Court expired on or about July 19, 2022 (Dkt. 41 at 3, ¶ 13). Mitchem contends that Rashad filed his complaint two hundred and twenty-three days late. *See id.* at 3, ¶ 14. In his Brief in Support of Motion for Judgment on the Pleadings (Dkt. 46) Mitchem again asserts that Rashad's 90-day limitation period for bringing an action in this Court expired on or about July 19, 2022, because the EEOC Determination and Notice of Rights is dated April 20, 2022. *Id*. at 4, 5.

Discrimination claims under the ADA must be pursued first through the administrative process, and, after that process is complete, a claimant must file their claim in federal court within 90 days of receiving the EEOC's notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-5). The Seventh Circuit has reiterated that the 90-day period begins to run when the claimant receives actual notice of his right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999); *see also DeTata v. Rollprint Packaging Prods. Inc.*, 632 F.3d 962, 967–68 (7th Cir. 2011). Because the 90-day period is a statute of limitations and not a jurisdictional requirement, Rashad need not address or anticipate in his Amended Complaint any potential affirmative defense asserted by the Defendants regarding the 90-day limitation. *See Gibson v. West*, 201 F.3d 990, 993–94 (7th Cir. 2000); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Instead, Defendants maintain the burden of proof and they must demonstrate that Rashad's lawsuit is untimely by establishing the date of receipt for the notice of right to sue. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *see also Houston*, 185 F.3d at 839.

The Court takes judicial notice of the pair of charges of discrimination and the EEOC right-to-sue letter, which demonstrate an exhaustion of Rashad's administrative remedies. Mitchem's argument that Rashad brought suit in this Court outside of the permissible window is likewise unsuccessful. The date Mitchem asserts as the expiration of the limitation period is seemingly based upon a mere addition of ninety days to April 20, 2022, the date when the right-to-sue letter was issued (*compare* Dkt. 40-1 at 13, *with* Dkt. 41 at 3, ¶ 13 ("Plaintiff's 90-day limitation period . . . expired on or about July 19, 2022")). Mitchem is correct that Rashad filed suit well beyond 90 days after the EEOC *issued* the notice of his right to sue. This fact is of no consequence, however, as no evidence in the record demonstrates the date that Rashad *actually received* notice. The "Exhaustion of Federal Administrative Remedies" section of Rashad's initially-filed form complaint, which asked whether and on which date he received a notice of right to sue, is blank (*see* Dkt. 1 at 5–6), and the operative Amended Complaint is also silent.

Since no allegations in the operative Amended Complaint or evidence in the record indicates the date Rashad received notice, the Court does not find that he impermissibly filed suit outside of the statutory 90-day period. The Defendants remaining in the lawsuit following this Entry may instead provide evidence that aims to prove the untimeliness of Rashad's complaint at the summary judgment stage, if applicable. *See Moses v. U.S. Steel Corp.*, No. 2:11-CV-385-PRC, 2012 WL 1066769, at *4 (N.D. Ind. Mar. 28, 2012) (quoting *Johnson v. Five Star Transp., LLC*, No. 3:11-CV-138, 2011 WL 5446452, at * 2 (N.D. Ind. Nov. 9, 2011)) (noting that "the issue of the timeliness of the complaint cannot usually be addressed through a Rule 12(b)(6) motion"). Accordingly, the motions to dismiss and motion for judgment on the pleadings are **denied** in this respect.

C.   **Rashad's Claims against Cook and Mitchem as Individuals**

Defendants Cook and Mitchem each argue in their motions to dismiss that Rashad's ADA claims should be dismissed for failure to state a claim against them. Cook asserts that the Amended Complaint "does not state a valid claim or cause of action against [him] personally or in [his] capacity as a former employee of USF Holland." (Dkt. 30 at 1.) Similarly, Mitchem argues that Rashad fails to state a claim against him "either individually or in his capacity as a former employee of USF Holland, upon which relief can be granted." (Dkt. 36 at 5, ¶ 1.)

The Amended Complaint alleges that USF Holland, Mitchem, Cook, and Rogers "refused to hire [Rashad] and wrongfully terminated employment [sic] after learning of [his] disability." (Dkt. 7 at 2, ¶ 9.) Rashad also asserts that "Defendants [sic] subordinate refuse[d] to accommodate [him] after [he] completed orientation and was dispatch[ed] on his first assignment." *Id.* at ¶ 10. In the section of the complaint identifying the parties, Rashad identifies Andrew Cook, Bryce Mitchem, and Scott Rogers as "employees for USF Holland LLC." *Id.* at ¶ 2.

The ADA prohibits discrimination "against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). Seventh Circuit case law is clear that ADA claims cannot be brought against individuals in their individual capacity. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995) (discussing *AIC*, 55 F.3d 1276) ("[T]he ADA's definition of 'employer,' which (like Title VII) includes an employer's agents, is simply a statutory expression of traditional *respondeat superior* liability and imposes no individual liability on agents."). Even if the Amended Complaint were to clearly delineate which claims are related to the alleged actions of Cook and Mitchem (which it does not do), they cannot be held liable in their individual capacity under the ADA. *See Banning*, 72 F.3d at 553–54; *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999). Because the

11

ADA does not provide for recovery for Rashad's allegations against Cook or Mitchem, in their individual capacities, the claims against these Defendants are **dismissed with prejudice**.

### D.     Claims Against the Remaining Defendants

As for Defendant Rogers, the Process Receipt and Return docketed on February 27, 2024 indicates that on February 22, 2024, U.S. Marshals were unable to locate Rogers and according to the receipt's remarks, the current homeowner of Rogers' listed residence informed the Deputy U.S. Marshal that Rogers had moved to South Carolina (Dkt. 31).  The original Complaint was filed on February 27, 2023 (Dkt. 1) and the Amended Complaint was filed on March 3, 2023 (Dkt. 7).

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Proc. 4(m); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Rashad will have until **Monday, August 19, 2024,** to perfect service upon Rogers or to show cause why the claims against Rogers should not be dismissed for failure to serve process on him.

As for Defendant USF Holland, the matter remains stayed and, as previously ordered, "any party may file a motion to lift the automatic stay following the conclusion of the bankruptcy proceedings."  (Dkt. 21.)

### IV.     CONCLUSION

For the reasons explained above, Defendants Cook and Mitchem's Motions to Dismiss (Dkt. 30; Dkt. 36) are **GRANTED**, and Rashad's claims against Defendants Cook and Mitchem, are **DISMISSED with prejudice**.  Since Mitchem has been dismissed with prejudice, his recently filed Motion for Judgment on the Pleadings (Dkt. 45) is **DENIED as moot**.

Furthermore, when the Chapter 11 Bankruptcy proceedings against USF Holland are concluded, Rashad may file a motion to lift the automatic stay. Until such time as the bankruptcy proceeding is concluded, USF Holland is **ORDERED** to update the Court on their progress by filing a status report every sixty (60) days.

Rashad has until **Monday, August 19, 2024,** to file a return of service as to Defendant Rogers or show cause why the claims against Rogers should not be dismissed.

Finally, to avoid the potential of piecemeal appeals, no final judgment will issue at this time.

**SO ORDERED**.

Date: 7/24/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Muhammad Rashad
107 Shawnee Court
Bloomfield, Kentucky  40008

Michael Carl Mohler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
michael.mohler@ogletree.com

Andrew Cook
P.O. Box 433
8350 Byron Center Avenue SW
Byron Center, Michigan  49315-0169

April M. Geltmaker
CHURCH LANGDON LOPP & BANET, LLC
ageltmaker@cllblegal.com