UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MUHAMMAD RASHAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00029-TWP-KMB |
| ) | |
| USF HOLLAND LLC US, DOT#75806, ) | |
| SCOTT ROGERS Industrial Relations Manager, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON DEFENDANT SCOTT ROGERS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by *pro se* Defendant Scott Rogers ("Rogers") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 65). On March 30, 2023, *pro se* Plaintiff Muhammad Rashad ("Rashad") filed an Amended Complaint, bringing claims for discrimination, failure to hire, failure to accommodate, and wrongful termination under the Americans with Disabilities Act ("ADA") against Rogers, Andrew Cook ("Cook"), Bryce Mitchem ("Mitchem") and USF Holland LLC ("USF Holland") (collectively, "Defendants")[1] (Dkt. 7). For the reasons explained below, Rogers' Motion is **granted**.

### I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of Rashad as the non-moving party. *See Bielanski v. Cnty. of Kane*,

---

[1] Rashad's claims against Cook and Mitchem were dismissed with prejudice, and those defendants are no longer before the Court (*see* Dkt. 47). As for Defendant USF Holland, the case is currently stayed pursuant to 11 U.S.C. § 362 of the Bankruptcy Code with all deadlines and hearings vacated, and all pending motions terminated without prejudice (*see* Dkt. 21). On July 24, 2024, the Court ordered USF Holland to file status reports every sixty days until such time as the bankruptcy proceeding is concluded (Dkt. 47). The last status report regarding those proceedings was filed on October 29, 2024 (Dkt. 53). USF Holland is now **ordered** to update the Court within seven (7) days regarding the status of the bankruptcy proceeding.

1

550 F3d. 632, 633 (7th Cir. 2008).

In 2021, Rashad applied for a position as a "Professional CDL Class A Driver" with USF Holland (Dkt. 7 at 2, ¶¶ 6, 7). At the time of his complaint, Rashad suffered from a cancer diagnosis but was "fully capable of driving and possess[ed] a valid CDL." *Id.* ¶ 7. His condition impacted his ability to perform major life activities, but he was still "able to cope with proper medication, regular doctor visits and accommodations from his employer." *Id.* ¶ 8.

After he completed orientation and was dispatched on his first assignment, "Defendants subordinate refused to accommodate [him]" (Dkt. 7 at 2, ¶ 10). Central Dispatch informed Rashad that he "was being removed off the board until [he could] get a doctor's note excuse to be fit for duty." *Id.* ¶ 11. Instead of accommodating Rashad, Defendants allegedly "refused to hire [him] and wrongfully terminated [his] employment after learning of [his] disability." *Id.* ¶ 9.

On May 10, 2021, Rashad submitted a charge of discrimination to the Indiana Civil Rights Commission ("ICRC") alleging disability discrimination (Dkt. 40-1 at 4). He then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 12, 2021, alleging the following:

> I was hired as a Driver with USF Holland-Louisville on or around March 15, 2021.
>
> I was subjected to discrimination due to my disability and denied a reasonable accommodation. On April 5, 2021 I was dispatched to Indianapolis to pick up a load. I walked in on crutches and Mgr. Harold Last Name Unavailable instructed me to call Central Dispatch. Dispatch Mgr. Chris Last Name Unavailable left me a voice message to inform me that I was being removed until I provide a doctors excuse showing I was Fit for Duty. On April 8, 2021 I requested a reasonable accommodation. On April 19, 2021 the Company denied my request.
>
> On April 20, Central Dispatch Chris Last Name Unavailable discharged my employment due to my disability.
>
> I believe I was discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

*Id.* at 8.  The EEOC issued a right-to-sue letter on April 20, 2022.  *Id.* at 13.[2]

Rashad filed his original complaint on February 2, 2023 (Dkt. 1) and his Amended Complaint on March 30, 2023.[3]  He alleges the "Defendants action in refusing to maintain employment for [him] constitutes Disability discrimination, failure to accommodate and wrongful[] termination under the Civil Rights Act of 1964 and the Americans with Disability ACT (ADA) 42 U.S.C. 12101 et seq." (Dkt. 7 at 3, ¶ 13.)  Read liberally, Rashad's Amended Complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the ADA, of which only the ADA claims are now before the Court.[4]  Specifically, Rashad alleges that, as a disabled individual who suffers from a cancer diagnosis, the Defendants: (1) failed to hire him; (2) failed to accommodate him; and (3) wrongfully terminated his employment.

Defendant Rogers filed a *pro se* Motion to Dismiss on May 13, 2025, asserting Rashad failed to state a claim for which relief can be granted and failed to exhaust his administrative remedies (Dkt. 65).  Rashad failed to respond to the Motion, and the deadline for such response has long expired.

---

[2] Rashad submitted evidence of his ICRC and EEOC charges and right-to-sue letter in response to Defendant Mitchem's Answer and Motion to Dismiss (*see* Dkt. 40-1).  Typically, the Court may take judicial notice of matters of public record, including records from administrative bodies like the ICRC and the EEOC, when those records are submitted by the parties.  *See Anderson v. Ctrs. for New Horizons, Inc.*, 891 F.Supp.2d 956, 959 (N.D. Ill. 2012) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).  However, Rashad did not respond to the instant Motion or otherwise submit those records in opposition to the Motion.  As such, the Court will not consider evidence of Rashad's discrimination charges and right-to-sue letter in deciding the instant Motion; those facts are included here for context only.

[3] The Court screened and found Rashad's original complaint to be subject to dismissal for lack of jurisdiction. Rashad was granted leave to file his Amended Complaint, which is the operative complaint.

[4] In context, the Court understands Rashad's invocation of the "Civil Rights Act of 1964" as an attempt to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, which prohibits discrimination by covered employers on the basis of race.  However, in its Screening Order, the Court found that no factual allegations supported a race discrimination claim and dismissed the claim (Dkt. 8 at 3).

## II.     LEGAL STANDARDS

A defendant may move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court of the United States explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

In the context of *pro se* litigation, the Supreme Court reiterates that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

## III.     DISCUSSION

Rogers asserts that Rashad's ADA claims should be dismissed for failure to state a claim

against him. Rogers argues that the complaint "contains no factual allegations as to [Rogers] individually or in his capacity as a former employee of USF Holland." (Dkt. 65 at 2). He also asserts that the complaint lacks specific dates and identifying information about the individuals responsible for the alleged injury. *Id.* Rashad failed to respond to the Motion and has, therefore, waived any arguments on the merits. *Fisher v. Shellpoint Mortg. Servicing, LLC*, No. 4:23-cv-00044, 2023 WL 3818575, at *3 (S.D. Ind. June 5, 2023) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)).

The ADA prohibits covered employers from discriminating against qualified individuals on the basis of a disability. 42 U.S.C. § 12112(a). "Discrimination" includes the failure to make "reasonable accommodations to the known physical or mental limitations" of the disabled employee, unless doing so would impose an "undue hardship" on the employer. § 12112(b)(5)(A). To state a claim for failure to accommodate under the ADA, the plaintiff must allege (1) he was a qualified individual with a disability, (2) his employer was aware of the disability, and (3) his employer failed to reasonably accommodate the disability. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). As to the final element, the ADA "requires that the employer and employee engage in an interactive process to determine a reasonable accommodation." *Id.*

Rashad's complaint lacks any factual allegations that would support a plausible ADA claim against Rogers. As the Court recognized in dismissing the claims against Cook and Mitchem, ADA claims cannot be brought against employees in their individual capacity. *See Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). As such, Rogers cannot be held liable in his individual capacity for alleged violations of the ADA. In any event, the complaint fares no better on the merits. Rashad summarily claims that "Defendants" refused to

accommodate him without identifying the persons responsible for the decision and without providing any detail regarding the interactive process. His bare assertion that Defendants, collectively, discriminated against him do not allow the Court to draw the reasonable inference that Rogers is responsible for the alleged harm, including the failure to engage in the interactive process. Because Rashad's claims do not rise above the speculative level and fail to put Rogers on notice of the claims against him, the allegations against Rogers must be **dismissed**. Because the merits argument is dispositive, the Court need not address the exhaustion defense.

### IV. CONCLUSION

For the reasons explained above, Defendant Scott Rogers' Motion to Dismiss (Dkt. 65) is **GRANTED**, and Rashad's claims against Rogers are **DISMISSED with prejudice**.

Furthermore, Defendant USF Holland is **ORDERED** to file, within seven (7) days from the date of this Order, a status report concerning the status of the bankruptcy proceeding.

**SO ORDERED**.

Date: 7/14/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MUHAMMAD RASHAD
107 Shawnee Court
Bloomfield, KY 40008

Daniel Patrick Johnson
Ogletree Deakins
daniel.johnson@ogletree.com

Michael Carl Mohler
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.mohler@ogletree.com

Scott Rogers
1495 Golf Course Rd.
Columbus, NC 28722